IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA C. KENAN, et al.

      v.                 :   Civil Action No. DKC 22-1657

VERONICA KYRIAKIDES, et al.

## MEMORANDUM OPINION

Plaintiffs Sandra C. Kenan and Percy El Jacobs filed this action in the Circuit Court for Calvert County, Maryland on March 16, 2022, alleging that Defendants Internal Revenue Service ("IRS") Agent Veronica Kyriakides and Sheriff Edward Evans violated the Fourth, Fifth, and Tenth Amendments to the United States Constitution, among other claims. The case was removed to this court on July 6, 2022. (ECF No. 1). Presently pending and ready for resolution is the motion to dismiss filed by Defendant Kyriakides. (ECF No. 21). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

## I.  Background

Plaintiffs' complaint contains allegations against Defendant Kyriakides related to three separate incidents. First, Plaintiffs allege that Defendant Kyriakides, along with ten other agents from

IRS Criminal Investigation, executed a "defective search and seizure warrant" to search Plaintiff Kenan's home on August 11, 2016.[1]  (ECF No. 1).  According to the complaint, the warrant "fail[ed] to state who or what items w[ere] to be search[ed] and seized nor from whom they were to [be] search[ed] and seize[d][.]"  Plaintiffs also allege that the IRS agents did not have authority or jurisdiction to execute the warrant in Maryland and without local authorities present.

Second, Plaintiffs allege that in November 2019, Plaintiff Jacobs was pulled over while driving by the Calvert County Sheriff and placed under arrest.  They allege that Defendant Kyriakides and another IRS agent were in the Sheriff vehicle in which Plaintiff Jacobs was placed, and Defendant Kyriakides read Plaintiff Jacobs his *Miranda* rights.  At some point thereafter, the IRS agents took Plaintiff Jacobs into custody.

Third, Plaintiffs allege that in November 2019, Defendant Kyriakides contacted Plaintiff Kenan's attorney, who was representing her in "a discrimination case in North Carolina," and shared that Plaintiff Kenan "had an outstanding warrant from an indictment in Greenbelt[,] Maryland."  According to the complaint, Plaintiff Kenan's attorney dropped her discrimination case as a result of learning that information.

---

[1] It is unclear whether Plaintiff Jacobs also lived there.

The complaint alleges that,

> [b]ecause of all defendants involved in this case[,] Mr. Jacobs and Mrs. Kenan have been deprived [of] life, liberty[,] and purs[uit] of happiness because of this cloud over our heads, not able to conduct business, suffering emotional distress, unable to get a good paying job, subject to public humili[ation], denied our rights to speedy trial because of the ongoing coverup and corruption and a[n] illegal search and seizure warrant that did not follow chain of custody.

Plaintiffs seek damages for these injuries.

The complaint also asserts claims against Defendant Evans for "[d]ereliction of duty" and cites sections of the criminal code, the Patriot Act, and the Tenth Amendment. Plaintiffs have since admitted that "EDWARD EVANS was never served with a summons [and] thereby cannot be named." (ECF No. 12 at 1). The court has advised Plaintiffs in two separate orders that if they intend to proceed in an action against Defendant Evans, they must request that the Clerk issue a summons to him. (ECF Nos. 11, 17). Plaintiffs have failed to do so. Accordingly, the complaint against Defendant Evans will be dismissed without prejudice for failure to serve process. *See* Fed.R.Civ.P. 4(m).

Defendant Kyriakides has moved to dismiss the claims against her under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 21).

3

## II.  Analysis

Defendant Kyriakides has acknowledged that she was served on March 21, 2022, but she contends that service was not fully accomplished because the United States Attorney's Office for the District of Maryland and the Attorney General of the United States were not served, as required by Federal Rule of Civil Procedure 4(i).[2]  In their response to Defendant Kyriakides's motion to dismiss, Plaintiffs argue that they served everyone they were required to serve, and they attach certified mail receipts that purport to show that a variety of government agencies were served in January 2019.  (ECF Nos. 23 at 15-16, 23-1).  Plaintiffs commenced this lawsuit in March 2022, however, so those receipts do not pertain to service of process for this lawsuit.[3]

Dismissal is warranted under Rule 12(b)(5) for insufficient service of process.  Plaintiffs have failed to comply with clear requirements for service.  As the following discussion will show,

---

[2] Plaintiffs clarify in their response to the motion to dismiss that their claims are against Defendant Kyriakides solely in her individual capacity, so Rule 4(i)(3) applies.  (ECF No. 23 at 15).  Because of this clarification, Defendant Kyriakides' argument pursuant to Rule 12(b)(1), that sovereign immunity bars the suit, is moot because Plaintiffs are not suing Defendant Kyriakides in her official capacity.  (ECF No. 21-1 at 13).

[3] Indeed, it appears that what Plaintiffs submitted to those agencies in January 2019 was an SF-95 form for a "Claim for Damage, Injury, or Death."  (ECF Nos. 23 at 2, 23-1 at 7).

the complaint is clearly lacking in other regards, and it is more efficient to proceed to an analysis under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The complaint must also allege enough facts to support the claim, such that the claim is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In determining whether a complaint states a plausible claim for relief, the court must consider all well-pleaded allegations in a complaint as true, but it is not required to accept legal conclusions drawn from the facts.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Mindful that Plaintiffs are proceeding *pro se*, the court liberally construes their filings.  *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).  On the other hand, a plaintiff's *pro se* status neither excuses him of his obligation to state a plausible claim nor transforms the court into his advocate.  *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiffs have alleged that Defendant Kyriakides violated their rights under the Fourth Amendment by conducting a search of Plaintiff Kenan's home and seizing items from it without a valid warrant to do so.  Even construing the complaint liberally, Plaintiffs have not stated what cause of action they have against Defendant Kyriakides for her alleged role in Plaintiff Jacobs's arrest and Plaintiff Kenan's attorneys' decision to drop her civil case.  Plaintiffs reference the Fifth Amendment right to due process and the Sixth Amendment right to a speedy trial, but they do not state how Defendant Kyriakides violated either of those rights.  It is unclear what law Defendant Kyriakides could have violated by speaking with Plaintiff Kenan's attorneys, and Plaintiffs do not state a plausible claim merely by describing an arrest without explaining why that arrest was unlawful.

The only cognizable claim against Defendant Kyriakides is Plaintiffs' Fourth Amendment claim.  Because Defendant Kyriakides, as an IRS agent, is a federal official, this claim must be brought, if at all, pursuant to the implied cause of action first recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs argue in their response to Defendant Kyriakides's motion that their claim is not a *Bivens* claim, (ECF No. 23 at 12), but because there is no statute that provides a cause of action for damages against federal officials for violations of constitutional rights, Plaintiffs' claim can

only be brought pursuant to *Bivens*.  *See Annappareddy v. Pascale*, 996 F.3d 120, 133 (4ᵗʰ Cir. 2021).  Indeed, 42 U.S.C. § 1983 only applies to state officials, *id.*, constitutional claims are not cognizable under the Federal Torts Claims Act, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994), and the criminal laws Plaintiffs cite in their complaint are not enforceable in a civil lawsuit.

In *Bivens*, the Supreme Court allowed a plaintiff to seek damages in a civil action against federal narcotics officers who conducted a warrantless search of his apartment, arrested him on narcotics charges, and subjected him to a strip search.  *Bivens*, 403 U.S. at 389.  The Supreme Court has recognized an analogous implied right of action against federal officials for constitutional violations in only two other cases—one involving a Fifth Amendment due process claim and one involving an Eighth Amendment cruel and unusual punishment claim.  *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Since 1980, the Court has "refused to extend *Bivens* to permit a cause of action in any case involving any new context or new category of defendants."  *Hicks v. Ferreyra*, --- F.4th ----, No. 22-1339, 2023 WL 2669648, at *4 (4ᵗʰ Cir. Mar. 29, 2023) (internal quotation marks omitted).  The Court has reasoned that "when a different context arises or different categories of defendants are involved, Congress 'most often' should decide whether to provide

a damages remedy." *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)).

Under this framework, courts presented with a *Bivens* claim must first determine whether the case "presents a new *Bivens* context." *Tun-Cos v. Perrotte*, 922 F.3d 514, 522 (4th Cir. 2019) (internal quotation marks omitted). A minor difference can sometimes be sufficient to make a context "new"; the Supreme Court has set out a non-exhaustive list of such potential differences:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 582 U.S. at 140; *see also Tun-Cos*, 922 F.3d at 523. If the context is not new, then a *Bivens* remedy is available. *See Tun-Cos*, 922 F.3d at 522-23. If it is new, the second step in the analysis is "evaluat[ing] whether there are 'special factors *counselling hesitation* in the absence of affirmative action by Congress.'" *Id.* at 523 (quoting *Abbasi*, 582 U.S. at 136).

In *Annappareddy v. Pascale*, 996 F.3d 120 (4th Cir. 2021), the United States Court of Appeals for the Fourth Circuit considered whether a *Bivens* remedy was available for a plaintiff challenging

the search of a corporate office with an allegedly improperly issued warrant.  The court noted that certain aspects of the case resembled the context of *Bivens*, such as the rank of the officers involved (the officers in both cases being line-level investigative officers) and the type of laws being enforced (ordinary criminal laws).  *Id.* at 135.  Nevertheless, the court concluded that the claims arose in a different context than the one recognized in *Bivens*, primarily because *Bivens* involved "the Fourth Amendment right to be free of unreasonable *warrantless* searches and seizures," whereas that case involved "searches and a seizure conducted *with* a warrant."  *Id.*  The court reasoned that a Fourth Amendment claim involving a warrant is "governed by different legal standards," adding that "the Fourth Amendment sharply distinguishes between with-warrant and warrantless searches, treating the introduction of a warrant as a signal moment in the proceedings."  *Id.* at 135-36.  Thus, the "right at issue" was "meaningfully different from the one at issue in *Bivens* itself."  *Id.* at 136.  The difference is particularly meaningful, the court explained, because proving the claims in a case involving a challenge to the validity of a warrant "would require a different type of showing than did the claims in *Bivens*—one that would pose a greater risk of intruding on the investigatory and prosecutorial functions of the executive branch."  *Id.* (internal quotation marks and citations omitted).

Having found that the plaintiff's Fourth Amendment claims were meaningfully different from those in *Bivens*, the court then concluded that special factors counseled hesitation in extending *Bivens* to those claims. *Id.* at 137. The court reasoned that the existence of "'an alternative remedial structure,' even if it does not go so far as a *Bivens* remedy would," was one such factor. *Id.* (quoting *Abbasi*, 582 U.S. 137). The court discussed statutory remedies that are available to compensate individuals who are subject to wrongful governmental conduct in the course of criminal prosecutions. *See id.* (citing the Hyde Amendment (codified at 18 U.S.C. § 3006A note)). Another factor counseling hesitation was "the risk that a *Bivens* action for these Fourth Amendment claims would require courts to interfere in the executive branch's investigative and prosecutorial functions." *Id.* Finally, the court noted that the search of a corporate entity rather than of a private individual further distinguished the case from *Bivens*. For all those reasons, the court declined to extend *Bivens* to that context.

The context involved in Plaintiffs' case is closer to *Annappareddy* than to *Bivens*. Like in *Annappareddy*, the search at issue here involved a warrant, and the crux of Plaintiffs' claim is a challenge to the validity of the warrant. While Plaintiffs are challenging the contents of the warrant and the way in which it was executed, as opposed to challenging the issuance of the

warrant, their claim still implicates the "investigatory and prosecutorial functions of the executive branch" and involves "different legal standards" than a claim related to a warrantless search. The similarities between Plaintiffs' case and *Bivens*—the rank of the officers involved and the type of laws being enforced— were also present in *Annappareddy*. For the same reasons that *Annappareddy* presented a new context, Plaintiffs' case also presents a new context.

The special factors that the court found instructive in *Annappareddy* apply here as well. Alternative remedial structures exist, "even if [they] do[] not go so far as a *Bivens* remedy would," including the statutory remedies the *Annappareddy* court discussed. *Id.* Another remedy available to Plaintiffs, who were prosecuted and ultimately convicted of tax fraud, is the ability to file a motion to suppress the evidence seized during the search. Indeed, Plaintiffs availed themselves of that remedy in their criminal case, and a hearing was held on the motion to suppress before it was denied. *See United States v. Sandra Curl et al.*, No. 19-cr-444-LKG (D.Md. filed Sept. 25, 2019) (Dkt. Nos. 102, 130). They are currently appealing their convictions. *Id.* (Dkt. Nos. 254, 258). There are also several methods available for challenging the conduct of IRS employees, including grievance processes within the IRS for reporting IRS employee misconduct as well as 26 U.S.C. § 7433, which allows a taxpayer to bring a civil

action for damages against IRS employees in connection with unauthorized collection activities. *See Musto v. Sweeney*, No. 3:21-CV-0966, 2022 WL 4472462, at *9 (M.D.Pa. Sept. 26, 2022).

Additionally, as in *Annappareddy*, if a *Bivens* remedy was extended to Plaintiffs' Fourth Amendment claims here, litigating that claim would require the court to "interfere in the executive branch's investigative and prosecutorial functions" by inquiring into the validity of the warrant. *Annappareddy*, 996 F.3d at 137. While courts are able to, and frequently do, engage in such inquiries in other contexts, as the *Annappareddy* court recognized, "it is Congress, and not a court, that [must] balance[] the costs and benefits and decide[] that the potential encroachment on executive authority . . . is worth the price." *Id.* at 138 (internal quotation marks omitted).

In short, *Annappareddy* compels the conclusion that a *Bivens* remedy is not available to Plaintiffs. Accordingly, they have failed to state a claim upon which relief can be granted.

## III. Conclusion

For the foregoing reasons, Defendant Kyriakides's motion to dismiss will be granted, and the complaint will be dismissed.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
